The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
STIPULATIONS
1. All parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and all claims and notices as required by law were properly and timely filed regarding all parties.
2. The employment relationship existed between the plaintiff and The Bibb Company at all relevant times from November 16, 1988 to December 12, 1989.
3. Liberty Mutual Insurance Company was the workers' compensation carrier on the risk from November 16, 1988 to December 12, 1989.
4. Plaintiff's average weekly wage with The Bibb Company was $298.00.
5. A Form 18 was filed by the plaintiff on March 19, 1990, asserting that she had contracted an occupational disease during her work with the Bibb Company, to wit: carpal tunnel syndrome caused by synovitis or tenosynovitis, and a Form 21 agreement was entered into by plaintiff and The Bibb Company/Liberty Mutual on March 12, 1991, based on the Form 18 for an occupational disease to wit: carpal tunnel syndrome or synovitis/tenosynovitis (wrist injury).
6. The employment relationship existed between the plaintiff and Carroll Foods at all relevant times on and after August 22, 1992.
7. The PMA Group was the workers' compensation carrier on the risk while plaintiff was working for Carroll Foods.
8. Plaintiff's last date of work with Carroll Foods was March 22, 1993.
9. A Form 21 Agreement was entered into by the parties for plaintiff's back injury on January 15, 1993.
10. The following documents were received into evidence subject to the right of either party to depose the medical witnesses pursuant to Industrial Commission order:
 Exhibit 1 Sixteen pages of medical records dated 12/26/89 through 4/15/93 from Dr. R. A. Appert and Dr. Michael J. Kushner of the Wilson Orthopaedic Surgery and Neurology Center, P.A
 Exhibit 2 Ten pages of office notes from Halifax Diagnostic Center dated 11/3/89 through 10/27/93.
 Exhibit 3 Nineteen pages of medical records from Wilson Memorial Hospital dated 2/21/90 through 3/1/90.
 Exhibit 4 Nine pages of medical records from Halifax Memorial Hospital dated 7/14/92 to 11/6/92.
 Exhibit 5 Seven pages of rehabilitation records dated 12/27/90 to 4/14/92 from Rehabilitation Services Group.
 Exhibit 6 North Carolina Industrial Commission Form 21, Agreement for Compensation For Disability dated March 12, 1991 and approved by the Commission on June 26, 1991.
 Exhibit 7 North Carolina Industrial Commission Form 18 Notice of Accident to Employer and Claim of Employee dated March 19, 1990.
 Exhibit 8 Plaintiff's Carroll Foods personnel records dated March 31, 1992 to May 22, 1992.
 RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. Robert Appert and Dr. Michael Kushner are ruled upon in accordance with the law and this Opinion and Award. The Full Commission reverses the decision of the Deputy below and finds as follows:
FINDINGS OF FACT
1. The plaintiff is a 31-year-old female born on November 16, 1963. She is a high school graduate and has taken courses at a local community college.
2. Plaintiff became employed with The Bibb Company, a textile mill in Roanoke Rapids, on November 16, 1988. The plaintiff was hired to do repair and inspecting work in the production of industrial towels. During an eight-hour shift, the plaintiff flipped, folded and inspected from 900 to 1500 towels.
3. On November 28, 1989 plaintiff saw Dr. Fiorilli at Halifax Diagnostic Center because of problems with her right hand and arm. She was given a note stating-carpal tunnel right wrist and to return to work on December 3, 1989. Plaintiff was referred to Dr. Bisram for further treatment.
4. Plaintiff notified her employer, The Bibb Company, on 12/4/89 of problems she was having with her hands and arms by way of Dr. Fiorilli's note stating carpal tunnel syndrome.
5. The plaintiff was terminated two days after she took in a doctor's note stating that she had a work-related hand injury.
6. Plaintiff began seeing Dr. Robert Appert, an orthopaedic surgeon, on December 26, 1989. Dr. Appert admitted plaintiff to the hospital on February 28, 1990 with an admitting diagnosis of bilateral carpal tunnel syndrome for bilateral carpal tunnel release. Because the plaintiff had young children she asked the doctor to only perform surgery on one wrist initially so she retain a functional hand to use to take care of herself and her family.
7. On February 28, 1990 the plaintiff underwent surgical release of the right carpal tunnel.
8. Plaintiff was released to return to work on March 21, 1990 with no restrictions.
9. The plaintiff became self-employed as a housesitter and choreworker for an elderly lady from December 15, 1990 until August 16, 1991 when her services were no longer required.
10. On March 12, 1991 The Bibb Company accepted compensability for plaintiff's carpal tunnel syndrome or synovitis/tenosynovitis on an Industrial Commission Form 21.
11. Pursuant to the Form 21, plaintiff received temporary total disability (TTD) from December 13, 1989, through December 15, 1990, or about 52 weeks. Pursuant to G.S. 97-30 The Bibb Company paid plaintiff temporary partial disability (TPD) from December 15, 1990 for necessary weeks, not exceeding the statutory maximum.
12. Beginning March 12, 1992 vocational rehabilitation services were provided to the plaintiff by defendant Bibb Company.
13. Plaintiff wrists continued to bother her and she has been under Dr. Appert's care from December 26, 1989 and continuing through the present.
14. Plaintiff also sought employment on her own and on March 31, 1992 secured herself a position with Carroll Foods as a pig breeder/midwife. Carroll Foods is a hog breeding farm. Plaintiff's job as a breeder required her to hook-up boars to sows for breeding purposes and return them to their pens. Plaintiff performed a variety of jobs as a pig breeding technician.
15. Plaintiff informed Carroll Foods of her pre-existing carpal tunnel injury from her Bibb employment at the time she was hired.
16. Plaintiff continued to have problems with her bilateral carpal tunnel injury and special accommodations were made for plaintiff by her new employer, Carroll Foods. Plaintiff was allowed to stop work and rest when her wrists began to hurt and co employees assisted plaintiff in her duties. Management at Carroll Foods, especially Mr. Matt Melhenbacher, made work-site accommodations available to the plaintiff to help her avoid further hand injury.
17. On August 22, 1992, the plaintiff suffered a back strain when a pig knocked her down. She was escorting a gelt (female pig) into the hog pen when the pig spooked, turned around, and hit plaintiff, knocking her down. The plaintiff landed on her buttocks and hands. The gelt then walked over and sat down on the plaintiff. Plaintiff filed a claim against Carroll Foods/The PMA Group for her back injury.
18. Carroll Foods admitted liability for plaintiff's back injury on an IC Form 21 dated January 15, 1993, and the plaintiff was paid 3 and 6/7s weeks compensation. She then returned to her former job with Carroll Foods.
19. On September 8, 1992 Dr. Appert rated plaintiff a 5% permanent partial disability of the right upper extremity as a result of her carpal tunnel syndrome and subsequent release.
20. Plaintiff continued to see Dr. Appert for conservative treatment of her bilateral carpal tunnel and on November 3, 1992 Dr. Appert referred plaintiff to Dr. Michael Kushner for nerve conduction studies.
21. Dr. Kushner concurred with Dr. Appert's diagnosis of bilateral carpal tunnel syndrome.
22. Plaintiff continued to have pain in her hands and arms. On December 18, 1992 Dr. Appert recommended that additional surgery needed to be performed on the right hand and the left hand needed a new carpal tunnel release.
23. On March 26, 1993 Dr. Appert took plaintiff out of work to schedule surgery for bilateral carpal tunnel surgical decompression. He estimated plaintiff would be out of work for approximately four weeks. Plaintiff made arrangements with her employer, Carroll Foods, to be on a medical leave of absence for this amount of time and then to return to work for Carroll Foods.
24. The plaintiff enjoyed her work at Carroll Foods and she was a productive and pleasant employee from the perspective of Carroll Foods.
25. The Bibb Company would not authorize surgery for plaintiff's bilateral carpal tunnel syndrome.
26. Had Bibb Company authorized treatment for plaintiff's hands, plaintiff would have been out of work for approximately four weeks and could have returned to her work at Carroll Foods.
27. Plaintiff, however, has been unable to return to productive employment at Carroll Foods due to her untreated hand condition.
28. Plaintiff's bilateral carpal tunnel syndrome relates back to her repetitive work with The Bibb Company.
29. Plaintiff's bilateral carpal tunnel injuries have not reached maximum medical improvement and she currently requires a re-release of her right hand and a new release of her left hand.
30. The plaintiff was not placed at an increased risk by virtue of the physical work in her employment with the pig breeding operation with Carroll Foods of developing left-hand carpal tunnel syndrome or did her duties at Carroll Foods exacerbate a pre existing injury of the right hand.
31. The plaintiff's admitted injury by accident to her back while at Carroll Foods when she was knocked down by a pig on August did not result in any permanent damage to the plaintiff's wage earning capacity.
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. An employment relationship existed between the plaintiff and defendant Bibb Company from November 16, 1988 to December 12, 1989. G.S. § 97-2(1)
2. Plaintiff contracted an occupational disease, bilateral carpal tunnel syndrome caused by synovitis or tenosynovitis in both hands while working at Bibb Company.
3. Plaintiff has not yet achieved maximum medical improvement regarding her bilateral wrist injuries and needs further medical treatment to be provided by Dr. Robert Appert.
4. Plaintiff's present wrist problems are related to her previous injury of 12/12/89 while employed with defendant Bibb Company.
5. Liberty Mutual Insurance Company is the carrier on the risk for the Bibb Company from November 16, 1988 to December 12, 1989.
6. The Bibb Company and Liberty Mutual shall provide the plaintiff medical, surgical, hospital, nursing services, medicines, sick travel, and other treatment, including medical and surgical supplies as may be reasonably required to effect a cure or give relief since her last date of work with the Bibb Company on December 12, 1989.
7. The plaintiff's average weekly wage was $298.00 per week when she worked at the Bibb Company. G.S. § 97-2(5)
8. The plaintiff's resulting compensation rate is $198.68 per week. 97-29.
9. The plaintiff is entitled to receive temporary total disability from Liberty Mutual Insurance Company at the rate of $198.68 from the time Dr. Appert took her out of work until such time as she is released to return to work.
10. The plaintiff's job activities at Carroll Foods as a pig breeder did not place her at an increased risk of contracting the occupational disease bilateral carpal tunnel syndrome as compared to members of the general public no so exposed. G.S. 97-53(13)
11. The plaintiff's job duties while at Carroll Foods did not cause, aggravate, or exacerbate the occupational condition known as synovitis or tenosynovitis by trauma in said employment. G.S.97-53(20), G.S. 97-53(21)
12. The plaintiff's admitted injury by accident to the plaintiff's back on August 22, 1992 entitles the plaintiff to 3 and 6/7s weeks compensation from Carroll Foods which has already been paid. G.S. 97-29
13. The plaintiff has no permanent injury from her August 22, 1992 admitted back injury by accident resulting in back strain and Carroll Foods' only liability to the plaintiff would be for any outstanding and unpaid medical treatment she received regarding her back strain which would have reasonably been required to effect a cure or give her relief from her back strain. G.S. 97-25. Based on the foregoing stipulations, findings of fact, and conclusions of law, the undersigned enters the following
AWARD
1. Defendants Bibb Company and Liberty Mutual shall pay all of plaintiff's past unpaid medical expenses subsequent to December 12, 1989 which relate to her occupational disease, bilateral carpal tunnel syndrome when bills for same have been submitted through defendants to the North Carolina Industrial Commission and approved by the Commission. G.S. 97-25
2. Defendants shall provide the plaintiff medical coverage for surgical services to her wrists to be provided by Dr. Robert Appert since such services will tend to either effect a cure or give her — relief from her hand and arm pain.
3. Defendants shall pay plaintiff temporary total disability at the rate of $198.68 from the time she was taken out of work by Dr. Appert on March 26, 1993 until such time as plaintiff is able to return to productive employment after her medical treatment is completed. The accrued compensation shall be paid to plaintiff in a lump sum, subject to attorneys fees hereinafter approved.
4. Although the plaintiff has been awarded a five percent permanent partial disability rating by Dr. Robert Appert to her right hand, said rating may be subject to change once the plaintiff undergoes further medical treatment and surgery.
5. Defendants shall provide and plaintiff shall accept vocational rehabilitation services should plaintiff's current employer, Carroll Foods, be unable to re-employ plaintiff due to the length of time she has been unable to return to work.
6. An attorney fee is hereby approved for counsel for plaintiff in an amount equal to 25% of the accrued benefits and 25% of any amounts received by the plaintiff prospectively. Said sum shall be deducted from the plaintiff's benefits and paid directly to counsel for plaintiff.
7. Defendant Bibb Company shall pay the costs.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER